**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 23 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JORGE ALFREDO GOMEZ-
MARTINEZ,

Defendant - Appellant.

No. 01-2325
(D.C. No. CR-01-403-BB)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **EBEL**, and **LUCERO**, Circuit Judges.

Defendant-Appellant Jorge Alfredo Gomez-Martinez entered a blind guilty plea to one count of illegally reentering the United States after having been convicted of an aggravated felony and deported, 8 U.S.C. § 1326(a)(1)–(2), (b)(2), and was sentenced to forty-six months' imprisonment, twenty-four months' supervised release, and a $100 special assessment.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On appeal, the federal public defender appointed to represent defendant filed an <u>Anders</u> brief and a motion to withdraw as counsel. <u>See</u> <u>Anders v. California</u>, 386 U.S. 738, 744 (1967) (permitting counsel who considers an appeal to be wholly frivolous to advise the court of that fact, request permission to withdraw from the case, and submit a brief referring to portions of the record that arguably support the appeal). Pursuant to <u>Anders</u>, a copy of counsel's brief was mailed to defendant, and he was allowed three months to raise any points he chose. Defendant did not do so. We note that defendant is twenty-six years old, first came to the United States at age eleven, completed the ninth grade at an El Paso, Texas school, and reportedly obtained a GED while previously incarcerated.

Based on "a full examination of all the proceedings," <u>id.</u>, we determine that this appeal is without merit. The record affirmatively shows that defendant's guilty plea was knowing and voluntary. <u>See</u> <u>Parke v. Raley</u>, 506 U.S. 20, 28 (1992). At the plea hearing, defendant indicated to the district court, through an interpreter, that he understood he was under oath, that he had received a copy of the pending indictment, that he had fully discussed the charges with his attorney, that he did not have any problems at all with counsel's advice, and that he had no unanswered questions about "what this whole proceeding is about" (2 R. at 4). Moreover, defendant was fully advised of his rights should he choose to proceed to trial and of the consequences of his plea—i.e., that he could be sentenced to

twenty years' imprisonment, a $250,000 fine, and three years' supervised release. He was told that his ultimate punishment could exceed any estimate his attorney may have given him.

We have also carefully reviewed the district court's sentencing calculations and find no legal or factual error.

For these reasons, we **AFFIRM**. The motion to withdraw is **GRANTED**. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge